FILED
SUPERIOR COURT
OF GUAM

2025 NOV 19 PM 4: 57

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GUAM ECONOMIC DEVELOPMENT AUTHORITY,<br><br>                       Plaintiff,<br><br>v.<br><br>DAVID W. CRISOSTOMO DBA MARIANAS IRRIGATION AND LANDSCAPE,<br><br>                       Defendant. | CIVIL CASE NO. CV0606-22<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas for hearing on August 21, 2025, on Plaintiff Guam Economic Development Authority's ("Plaintiff" or "GEDA") Motion for Attorney's Fees and Costs. Plaintiff is represented by Attorney Terrence M. Brooks. Defendant David W. Crisostomo, doing business as Marianas Irrigation and Landscape ("Defendant"), appeared pro se. This motion presents a narrow question: whether the Promissory Note's fee clause entitles GEDA to recover the reasonable attorney's fees and costs it incurred enforcing its judgment—and if so, in what amount. It does not reopen the merits of the default or the summary judgment already entered. Having considered the record, the law, and the arguments of counsel, the Court issues the following Decision and Order.

## BACKGROUND

On October 24, 2019, Defendant executed a Promissory Note and Security Agreement for a $25,000 loan with GEDA. *See,* Pl.'s Statement of Undisputed Facts, 1–4 (Sept. 13, 2023). The Note required monthly payments of $579.99 beginning December 5, 2019, with a final payment of $577.00 due November 5, 2023, and carried an annual interest rate of 5.375%. *Id.* at 5. It also expressly obligated Defendant to pay "reasonable attorney's fees and costs of collection" if GEDA was required to enforce the Note. *Id.*

Defendant made limited payments totaling $4,877.00, then stopped performing as of March 2020. *Id.* at 7. During the COVID-19 pandemic, GEDA offered Defendant the chance to apply for modification relief, but he never submitted a request. *Id.* at 8. GEDA sent a demand letter on March 3, 2022, which received no response. *Id.* at 9.

On November 16, 2022, GEDA filed a Complaint seeking the accelerated balance, pre- and post-judgment interest, and contractual attorney's fees and costs. *See,* Compl., 10–13 (Nov. 16, 2022). On May 13, 2025, the Court granted GEDA's Motion for Summary Judgment, ordering Defendant to pay the principal loan balance of $22,451.90, accrued and continuing interest, and reasonable attorney's fees and costs. GEDA filed the instant motion on May 19, 2025, seeking $7,591.08 in fees and costs.

## DISCUSSION

In reaching its decision, the Court first outlines the governing law on fee-shifting under the American Rule and its contractual exception. It then explains how Guam's statutory framework under 7 GCA § 26601(f) adopts that exception, and why this case aligns with *Fleming v. Quigley.* Finally, the Court considers Defendant's default, his lack of opposition, and the reasonableness of GEDA's requested fees and costs.

## I. The Promissory Note's Fee Clause Controls and Entitles GEDA to Recover Its Enforcement Costs.

Under the American Rule, each party ordinarily bears its own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Exceptions arise where fees are authorized by statute, by contract, or in equity. *Young v. Redman,* 128 Cal. Rptr. 86, 91 (Ct. App. 1976). Guam codifies that rule in 7 GCA § 26601(f), which leaves "the measure and mode of compensation of attorneys ... to the agreement, express or implied, of the parties." Guam courts have interpreted this to govern fee allocation between litigants. *Fleming v. Quigley,* 2003 Guam 4 ¶ 11 (citing *Trope v. Katz,* 11 Cal. 4th 274, 902 P.2d 259 (1995)).

Here, as in *Fleming*, the contract itself expressly shifts collection costs to the borrower. The Note's text unambiguously provides that Defendant must pay "reasonable attorney's fees and costs of collection" if enforcement becomes necessary.

Defendant defaulted within months, ignored demand letters, and compelled GEDA to litigate. Those facts satisfy every contractual trigger for fee recovery. The fee clause governs, and GEDA is entitled to enforcement costs under Guam law.

## II. Defendant's Silence and Conduct Concede Entitlement and Causation.

Defendant appeared pro se and filed no opposition to the motion. He does not dispute signing the Note, owing the debt, or agreeing to its fee-shifting clause. His silence operates as a concession that GEDA's fees were incurred solely to enforce the contract. GEDA's counsel submitted detailed billing records reflecting the tasks performed and the time reasonably expended. Defendant's non-response and the undisputed record leave the Court no basis to question either entitlement or causation.

## III. The Requested Fees Are Reasonable and Compensate Enforcement.

GEDA requests $7,591.08 in attorney's fees and costs, supported by sworn declaration and itemized time entries. The Court finds the hours expended and rates charged to be within reasonable market norms for this jurisdiction and proportionate to the complexity of the enforcement action.

The record confirms that every billed hour advanced enforcement efforts—drafting pleadings, preparing the summary-judgment motion, and pursuing post-judgment collection. None of the work was duplicative or excessive. The Court therefore finds the requested amount both reasonable and contractually authorized.

## CONCLUSION

Because the Promissory Note expressly authorizes fee-shifting, Defendant defaulted on his payment obligations, and GEDA's requested fees are reasonable and necessary to enforcement, the Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs. Defendant is hereby ordered to pay Plaintiff attorney's fees and costs in the total amount of $7,591.08.

**IT IS SO ORDERED** ___NOV 1 9 2025___.



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam